IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | FINDINGS OF FACT, CONCLUSIONS |
| Plaintiff, ) | OF LAW AND ORDER |
| ) | |
| vs. ) | C/A No. 8:07-3369-HFF |
| ) | |
| Eugene Jones and Lorraine S. ) | |
| Jones ) | |
| ) | |
| Defendant(s). ) | |

This action is brought by the United States of America to foreclose two real estate mortgages.  Upon consideration of the Complaint of plaintiff, the Affidavit of Default and Amount Due as to Eugene Jones and Lorraine S. Jones, I make the following Findings of Fact:

The Lis Pendens herein was filed in the Office of the Clerk of Court for Abbeville County, South Carolina on October 15, 2007, in Book 20, at Page 85, and defendants were duly served with a copy of the Summons and Complaint as shown by the receipt of Summons and Complaint on file herein.  No answer or other defense has been filed by the defendants, Eugene Jones and Lorraine S. Jones, and default was entered on **August 18, 2008**, in the Office of the Clerk of Court, and no proceedings have been taken by the said defendants since entry of default.

On or about November l3, l992 for value received, Brenda G. Nance aka Brenda G. Wright made, executed and delivered to the

1

United States of America, acting through Rural Development, United States Department of Agriculture, an Assumption Agreement whereby she assumed a mortgage from Martha G. Johnson dated August 19, 1981, recorded in Abbeville County, Office of the Clerk of Court in Book 8A at Page 267. On the same day, Brenda G. Nance executed a promissory note.

On or about November 13, 1992, in order to secure the payment of the indebtedness represented by the mortgage note described herein, and in accordance with the terms thereof, the said Brenda G. Nance, executed in favor of the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a mortgage whereby she granted, bargained, sold and released unto the mortgagee, and its assigns, the real estate situated in the County of Abbeville, State of South Carolina.

The mortgage was duly recorded in the Office of the Clerk of Court for Abbeville County, South Carolina, on November 13, 1992, in Real Estate Mortgage Book 10B, Page 337.

On May 16, 1996, the defendants, Eugene Jones and Lorraine S. Jones, executed an Assumption Agreement, whereby they assumed the indebtedness of Brenda G. Nance.

On May 16, 1996, the defendants, Eugene Jones and Lorraine S. Jones, for valuable consideration made, executed and delivered unto the United States of America, acting through Rural

Development, United States Department of Agriculture, a certain promissory note, in writing and under seal, wherein and whereby they promised to pay to the order of the United States of America through its aforesaid agency, the principal sum of $12,790.00, with interest thereon from such date on the unpaid principal balance at the rate of 6.75 percent per annum, payable in installments of principal and interest as follows:  The first installment being due and payable on June 16, 1996, in the sum of $81.00, and equal and successive installments in the sum of $81.00, thereafter on the 16th day of each month, until the principal and interest are fully paid.

Contemporaneously with the execution of the aforesaid note, on the same date thereof, and in order to secure the payment of same, Eugene Jones and Lorraine S. Jones made, executed and delivered unto the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a real estate mortgage conveying unto the United States of America, by way of mortgage, the following described real estate situate in the State of South Carolina, County of Abbeville, to-wit:

> All that certain piece, parcel or lot of land situate, lying and being in the City and County of Abbeville, State of South Carolina, known, designated and more particularly described as Lot No. 11 of McKenzie Acres Subdivision on a plat thereof made by J. Hearst Coleman Company, dated April 3, 1965, recorded in the Office fo the Clerk of Court

>            for Abbeville County in Plat Book 15, at pages
>            34 and 35 and plat made by R. D. Garrison
>            dated June 15, 1981 and recorded in Plat Book
>            26, at page 22, to which reference is made for
>            a more particular description thereof.
>            This is the identical property conveyed to
>            Eugene Jones and Lorraine S. Jones by deed of
>            Brenda G. Nance, n/k/a Brenda G. Wright, dated
>            May 16, 1996 and recorded on May 20, 1996 in
>            the OCC or Abbeville County in Deed Book 195,
>            at page 510.
>            TMS #108-07-01-011

The aforesaid mortgage was filed for record in the Office of the Clerk of Court for Abbeville County, South Carolina, on May 20, 1996, in Real Estate Mortgage Book 11B, at Page 428.

In said mortgage the defendants covenanted and agreed to pay promptly all installments of principal and interest as they became due according to the terms of the note aforesaid, together with annual mortgage insurance premiums, premiums on policies of fire and other hazard insurance covering the mortgaged property, plus taxes and special assessments as provided in said mortgage.

The aforesaid notes and mortgages are in default and the defendants, Eugene Jones and Lorraine S. Jones have failed and refused to reinstate the note account to a current status, although due demand has been made upon them to do so.  The plaintiff has elected to declare the entire amount due upon said notes and mortgages, together with all amounts due for charges, advances, mortgage insurance, taxes and insurance premiums now due and payable.

The amount due and owing to the plaintiff herein on the notes and mortgages aforesaid is the sum of $44,944.53, as of March 20, 2006, with a daily interest accrual thereafter at the rate of $6.25, as is shown in the Affidavit of Default and Amount Due on file herein.  This loan is subject to interest loan recapture.

The plaintiff has waived claim to a deficiency judgment in this matter.

CONCLUSIONS OF LAW

I conclude that as a matter of law the plaintiff is entitled to have its mortgages foreclosed and the property therein described sold and the proceeds applied to the payment of the debt owing to the plaintiff.  It is, therefore,

ORDERED:  That defendants, Eugene Jones and Lorraine S. Jones, and all persons claiming by, through and under them be, and they are, hereby forever barred and foreclosed of all right, title, interest and equity of redemption in and to the mortgaged premises and to any part thereof, and that the said property described in the real estate mortgages be sold, subject to ad valorem taxes, by the United States Marshal for the District of South Carolina, at public sale at the Abbeville County, South Carolina Courthouse on the earliest possible date, after publication of notice of sale once a week for four weeks prior to the sale in the **THE INDEX-JOURNAL**, a newspaper regularly issued and of general circulation in

Abbeville County, South Carolina, to the highest bidder for cash, the purchaser of said real estate to pay extra for deed and revenue stamps.

The Marshal shall require the successful bidder at the sale, other than the plaintiff in this action, to deposit with him immediately thereafter cash or certified checks in the amount of five (5%) of his bid as guaranty of good faith and as security for compliance with his bid.  The plaintiff, having waived a deficiency judgment against the defendants, the bidding will not remain open for the customary period of thirty (30) days following the sale of the property.

Should any successful bidder fail to comply with his bid within ten (10) days from the date of sale, his deposit shall be forfeited, and immediately without further order, the United States Marshal shall re-advertise and resell the mortgaged property on the earliest possible date thereafter, on the same terms and conditions, and at the risk of the defaulting bidder.  The plaintiff may become a purchaser at the sale or any resale.  Upon compliance by the purchaser with his bid, and with the terms of sale, the United States Marshal shall make, execute and deliver to the purchaser a good and sufficient fee simple deed of conveyance of the premises so sold, and the purchaser shall be let into the possession of the premises upon production of his deed.  All persons holding adversely to the purchaser shall be ejected by the

6

United States Marshal.

   <u>IT IS FURTHER ORDERED:</u>  That from the proceeds of sale, the United States Marshal shall pay the costs and expenses of this action, the amount due the plaintiff as herein found and determined and the surplus, if any, be held pending further order of this Court.

   After the sale of the premises, and as soon as the sale by the United Marshal is complete, and has been approved by the Court, the mortgagor(s), or persons(s) in possession, shall within fifteen days of the date of approval by the Court, move from the premises, and give up the premises, without damage or vandalism. Upon failure of any mortgagor(s) or person(s) in possession to vacate premises within fifteen days of the date of approval by the Court, the United States Marshal is authorized, empowered and directed to enter upon the premises, and forcibly eject the parties therefrom, unless prior to such date, the mortgagor(s) or person(s) in possession have obtained from the Court an Order extending the time which said mortgagor(s) or person(s) shall have to vacate said premises.  The United States Marshal (or his deputies) is also authorized to remove from the premises any furniture or other possessions of the mortgagor(s) or person(s) in possession, and any interference with the activities of the Marshal will be upon pain

7

of contempt of Court.

                                      s/Henry F. Floyd
                                      UNITED STATES DISTRICT JUDGE

Spartanburg, South Carolina

August 19, 2008